```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

_____

FRANCIS GRANDINETTI,

    Plaintiff,

vs.                              No. 01-2585-B

WARDEN, FLORENCE CORRECTIONAL
CENTER, et al.,

    Defendants.

_____

ORDER ON IRREGULAR FILINGS
AND
ORDER RESTRICTING FURTHER FILINGS IN THIS CLOSED CASE
_____

      On July 27, 2001, Petitioner Grandinetti, a prisoner from the State of Hawaii, filed a habeas petition alleging that he was improperly confined in the custody of the Corrections Corporation of America (CCA), a private prison contractor that operates Federal Correctional Center (FCC) in Florence, Arizona, as well as the West Tennessee Detention Facility (WTDF), in Mason, Tennessee, petitioner's location prior to his transport to Arizona.  CCA houses Hawaiian prisoners at FCC and other locations in the United States under a contract with the Hawaii Department of Correction (HDOC).  Petitioner contended that by transferring him to a prison outside the state of Hawaii, Hawaii waived any jurisdiction over him, entitling him to unconditional release.  He equated his situation with that of a hostage and he sought an order from the court allowing his safe passage through the states.

Noting initially, that Grandinetti had filed his petition in the wrong forum, then United States District Judge Julia Gibbons determined that transfer of the frivolous petition would not be in the interests of justice because the petitioner failed to assert any claim implicating a federal constitutional right or basis for federal habeas relief.  Judge Gibbons dismissed the petition on July 31, 2001, and judgment was entered on August 21, 2001.

The Court's staff attorney has corresponded with Grandinetti on no less than three occasions.  By letter dated November 12, 2002, Grandinetti was advised of the court's decision and that the time for filing a notice of appeal had expired.  By letter dated December 12, 2002, Grandinetti was instructed that further filings must comply with the Federal Rules of Civil Procedure.  On February 22, 2005, the staff attorney advised Grandinetti of the proper venue and procedure for filing a new habeas petition.  Rather than comply with any recommendation contained in those letters, on February 24, 2006, Grandinetti filed three irregular documents in this closed case, a Fed. Rule Civ. P. 60 motion, a Fed. Rule Civ. 59(e) motion, and a document entitled "Pro Se _Bivens_ Complaint for False Arrest."[1]

---

[1] The one page _Bivens_ complaint does not comply with the Federal Rules of Civil procedure and concerns events occurring in Tutwiler, Mississippi on January 20, 2006.  No Tennessee Defendant is named and no connection with Tennessee is alleged.  The document is not properly filed in this closed habeas case.  Furthermore, because Grandinetti did not enclose documents complying with the Prison Litigation Reform Act or pay the filing fee, or otherwise show any inclination to be responsible for the $250 filing fee for a _Bivens_ complaint, the Court direct the Clerk to file the document as a separate action and will not further address the allegations.  To the extent Grandinetti seeks to pursue any _Bivens_ claims, he must file his complaint in the proper forum, not this District Court.

The motions were not filed within ten days of the entry of judgement, therefore, the Court declines to construe either document as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e).  Furthermore, the motions are not timely filed for consideration as Fed. R. Civ. P. 60(b) motions for relief from judgment, because the motions were filed "more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b).

This case is closed.  The time for filing a notice of appeal has expired.  Furthermore, the time for filing a motion for extension of time to file a notice of appeal has expired.  These documents provide no basis for reopening the case and are DENIED.

Accordingly, this Court orders that plaintiff shall file no further documents in this case and shall not file any other case in which he seeks to relitigate matters which in any way arise from this closed case.  The Clerk is ordered not to file or otherwise accept any other documents for filing in this action or any other action which attempt to relitigate matters arising from this action.  Any further documents in this case or any other documents attempting to relitigate matters arising from this case shall be returned to Grandinetti.

IT IS SO ORDERED this 16th day of May, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE